# EXHIBIT "A" TO AMENDED PLAN OF REORGANIZATION

| | |
|---|---|
| <u>Plan Treatment Class 3 - Consolidated Secured Promissory Note</u>: | 1. Tamarack ("Debtor") executes an amended, restated and consolidated secured promissory note in favor of Class 3 ("Creditor") in the original principal amount of the aggregate balance owed on the Notes (including accrued interest, fees and other charges) as of the commencement of the Case ("***Consolidated Note***") with the terms set forth below and as to be provided in the Plan.<br><br>2. Consolidated Note contains the following material terms:<br>   a. Initially, interest at 5.25% per annum, payable annually.<br>   b. Interest only payable on the first and second anniversaries of Effective Date of the Plan (the "***Effective Date***" of the Plan shall be the date the Confirmation Order of the Plan becomes final and non-appealable).<br>   c. Beginning after the second anniversary of the Effective Date, interest will increase to 7.00% per annum.<br>   d. On the third through the eighth anniversaries of the Effective Date, the Debtor shall pay equal annual installments of principal and interest.<br>   e. There will be no pre-payment penalty for earlier payments on the Consolidated Note.<br>   f. Maturity date to coincide with eighth anniversary of the Effective Date.<br>   g. Costs of collection and attorneys' fees clause.<br><br>3. To secure its obligations under the Consolidated Note, Debtor executes a security agreement in favor of Creditor and thereby grants Creditor a security interest in the specific assets identified below to secure the Consolidated Note (the "***Collateral***"). The Collateral, and shall specifically and without limitation include a first lien interest in the following assets (the "***Certificate Collateral***"):<br><br>   a. Supplemental Type Certificate, FAA - SA03842NY<br><br>   b. Supplemental Type Certificate, European Union Aviation Safety Agency – 10056170<br><br>   c. Supplemental Type Certificate, National Civil Aviation Agency – Brazil - 2017S08-10<br><br>   d. Supplemental Type Certificate, Transport Canada Civil Aviation – SA18-72<br><br>   e. Supplemental Type Certificate, Directorate General of Civil Aeronautics (Mexico) – IA-550-2018,<br><br>except for the $1.95 million credit facility ("***Senior Loan Facility***") in favor of TAGJECT, LLC, which is secured by certain intellectual and other personal property (consisting of patents 8,684,315 Active winglet, 7,900,977 Active winglet, 9,162,755 |

CLASS 3 PLAN TREATMENT

19-01492-FPC11    Doc 171-1    Filed 12/31/19    Entered 12/31/19 08:45:51    Pg 1 of 2

| | |
|---|---|
| | Multiple Airflow Modification Devices, 9,567,066 Active Winglet Periodic Load Control, and the ATLAS modification that is EASA and FAA approved for the Citation Jet 525, 525A, and 525B) as specified on page 2 of Appendix A to the *Debtor's Motion for Order Approving Post Petition Secured Financing* filed in the Case on July 15, 2019. TAGJET, LLC shall specifically subordinate its interest in the Certificate Collateral to the first lien interest of Creditor as provided herein.<br><br>4. In the event that the Debtor defaults in the performance of any of its obligations under the Consolidated Note, Debtor will have thirty (30) days after such default to cure the same (the "**Cure Period**"). After the expiration of the Cure Period, the Consolidated Note will bear interest at the default rate of 10% per annum. Additionally, after the expiration of the Cure Period, Creditor will be free to pursue all of its available remedies, including without limitation, prosecution of a monetary judgment against the Debtor and foreclosure on its security interests in the Collateral.<br><br>5. The Plan shall not dilute or otherwise adversely impact the shares of capital stock held by Gary Heavin (the "**Shares**") in any way other than as specifically set forth herein.<br><br>6. Gary Heavin shall execute a proxy agreement to authorize the non-employee Directors of the Debtor, by majority vote, to appoint a proxy for purposes of voting all of the Shares solely for the purpose of the election of Directors of the Debtor (whether in the annual meeting or a special meeting called for that purpose). Such proxy shall be irrevocable for the term of the Consolidated Note, provided (i) no event of default under the Consolidated Note has occurred and remains uncured after the expiration of the applicable cure period, and (ii) the Debtor substantially complies with all of its duties and obligations under the Plan. For clarification purposes only, the applicable documents shall specifically provide that Gary Heavin shall maintain all other statutory and contractual rights as a shareholder, and all other votes of shareholders not relating to the election of Directors shall not be subject to the above proxy agreement. |
| | |
| | |