So Ordered.

Dated: March 2nd, 2020



Frederick P. Corbit
Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:

TAMARACK AEROSPACE GROUP, INC.,

Debtor

No. 19-01492-FPC11

Chapter 11

**DEBTOR'S ORDER CONFIRMING AMENDED PLAN OF REORGINZATION (ECF NO. 171)**

A HEARING HAVING BEEN HELD BY THE COURT on February 27, 2020 (the "**Confirmation Hearing**"), to consider confirmation of the Amended Plan of Reorganization, filed December 31, 2019 [ECF No. 171] and the Debtor's Modification of First Amended Plan of Reorganization As to Treatment of Class 3 Claims and Notice Thereof, filed and served February 21, 2020 [ECF No. 195] as modifying the Chapter 11

ORDER CONFIRMING AMENDED
PLAN OF REORGANIZATION - 1

MUNDING, P.S.
9425 N NEVADA ST., STE 212
SPOKANE, WA 99218
(509) 624-6464

Plan [ECF No. 109], and as otherwise amended (collectively, the "**Plan**"),[1] proposed by Tamarack Aerospace Group, Inc. (the "**Debtor**" or, as reorganized pursuant to the Plan, the "**Reorganized Debtor**," or "**Tamarack**");

IT APPEARING TO THE COURT that the Debtor filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**") on June 1, 2019 (the "**Petition Date**") commencing the Debtor's chapter 11 case (the "**Chapter 11 Case**");

IT FURTHER APPEARING TO THE COURT that solicitation and noticing procedures with respect to the Plan have been approved by the Court, pursuant to the Amended Disclosure Statement Order, and that such procedures have been followed;

IT FURTHER APPEARING TO THE COURT that the deadline for filing objections to the Plan has passed and that no objections were filed;

IT FURTHER APPEARING TO THE COURT that the deadline for casting ballots to accept or reject the Plan has passed and the Court has acknowledged the receipt of ballots that have been timely filed by creditors holding Allowed Claims that are Impaired under the Plan, including the votes to accept the Plan by Class 3, 4, and 6 Claims, whose acceptance constitutes the acceptance of the Plan by Impaired classes of Claims entitled to vote to on the Plan;

NOW, THEREFORE, based upon the Court's review of (a) the Plan, (b) the

---

[1] Capitalized terms used herein without definition have the meanings provided for in the Plan. In addition, any term used in the Plan or this Order that is not defined in the Plan or this Order, but that is used in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, shall have the meaning assigned to that term in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, the Local Rules.

ORDER CONFIRMING AMENDED
PLAN OF REORGANIZATION - 2

MUNDING, P.S.
9425 N NEVADA ST., STE 212
SPOKANE, WA 99218
(509) 624-6464

19-01492-FPC11    Doc 212    Filed 03/02/20    Entered 03/02/20 13:24:05    Pg 2 of 18

Disclosure Statement, (c) the modification to Plan (d) all evidence proffered or adduced at, filings in connection with, and arguments of counsel made at, the Confirmation Hearing, and (e) the entire record of the Chapter 11 Case; and after due deliberation thereon and good cause appearing therefor, and for the reasons set forth on the record at the Confirmation Hearing,

**IT IS HEREBY FOUND AND DETERMINED THAT:[2]**

**Jurisdiction and Venue**

1. The Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) over which the Court has exclusive jurisdiction.

**Judicial Notice**

2. The Court takes judicial notice of the docket of this bankruptcy proceeding maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed with and all orders entered by the Court, and all evidence and argument made, proffered, or adduced at the hearings held before the Court during the pendency of the case.

**Solicitation**

---

[2] The findings of fact and the conclusions of law stated in this Order shall constitute findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to contested matters by Fed. R. Bankr. P. 9014. To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent that any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

ORDER CONFIRMING AMENDED
PLAN OF REORGANIZATION - 3

MUNDING, P.S.
9425 N NEVADA ST., STE 212
SPOKANE, WA 99218
(509) 624-6464

19-01492-FPC11    Doc 212    Filed 03/02/20    Entered 03/02/20 13:24:05    Pg 3 of 18

3.  **Transmittal and Mailing of Solicitation Materials and Notices.** The solicitation materials and notices prescribed by the Disclosure Statement Order were served in compliance with the Disclosure Statement Order, and such service was appropriate and sufficient. Appropriate and sufficient notice of the Confirmation Hearing, submission deadlines, and other matters requiring notice pursuant to the Disclosure Statement Order was given in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and the Disclosure Statement Order, and no other or further notice is or shall be required.

4.  **Adequacy of Solicitation and Voting Procedures.** All procedures used to distribute the solicitation materials to the appropriate Creditors entitled to vote on the Plan and to tabulate the ballots returned by Creditors were fair and were in compliance with the applicable provisions of the Bankruptcy Code, the the Federal Rules of Bankruptcy Procedure, the Local Rules, and the Disclosure Statement Order. Votes for acceptance or rejection of the Plan were solicited and cast in good faith, and only after transmittal of the Disclosure Statement, which the Court previously found to contain adequate information, in compliance with 11 U.S.C. §§ 1125 and 1126 and Fed. R. Bankr. P. 3017 and 3018.

5.  **Good Faith Solicitation – 11 U.S.C. § 1125(e).** The Debtor, has acted in good faith within the meaning of 11 U.S.C. §§ 1125(e) and 1129(a)(3), and in compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and the Disclosure Statement Order in connection with all of its activities

ORDER CONFIRMING AMENDED
PLAN OF REORGANIZATION - 4

MUNDING, P.S.
9425 N NEVADA ST., STE 212
SPOKANE, WA 99218
(509) 624-6464

19-01492-FPC11    Doc 212    Filed 03/02/20    Entered 03/02/20 13:24:05    Pg 4 of 18

relating to the solicitation of acceptances of the Plan and their participation in the activities described in 11 U.S.C. § 1125.

6. <u>Compliance with Fed. R. Bankr. P. 3017</u>. The Debtor has given notice of the Confirmation Hearing as required by Fed. R. Bankr. P. 3017(d) and the Disclosure Statement Order. The solicitation materials prescribed by the Disclosure Statement Order were transmitted to Creditors entitled to vote on the Plan in accordance with Fed. R. Bankr. P. 3017(d).

7. <u>Compliance with Fed. R. Bankr. P. 3018</u>. The solicitation of votes to accept or reject the Plan satisfies Fed. R. Bankr. P. 3018. The Plan was transmitted to all Creditors entitled to vote on the Plan, sufficient time was prescribed for such Creditors to accept or reject the Plan, and the solicitation materials used and the solicitation procedures followed comply with 11 U.S.C. §§ 1125 and 1126, thereby satisfying the requirements of Fed. R. Bankr. P. 3018.

**Classification of Creditor Classes and Voting Results**

8. <u>Proper Classification – 11 U.S.C. §§ 1122, 1123(a)(1)</u>. Aside from Administrative Expense Claims and Priority Claims, which need not be classified, the Plan designates eight classes of Claims and Interests against the Debtor. The Claims and Interests placed in each class are substantially similar to other Claims and Interests in each such class. Valid business, factual, and legal reasons exist for separately classifying the various classes of Claims and Interests created under the Plan, and such classification does not unfairly

ORDER CONFIRMING AMENDED
PLAN OF REORGANIZATION - 5

MUNDING, P.S.
9425 N NEVADA ST., STE 212
SPOKANE, WA 99218
(509) 624-6464

19-01492-FPC11    Doc 212    Filed 03/02/20    Entered 03/02/20 13:24:05    Pg 5 of 18

discriminate among holders of Claims and Interests. Thus, the Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

9. <u>Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)</u>. The Plan specifies that classes 2, 3, 5, 6, 7, and 8 are Impaired and specifies the treatment of Claims and Interests in those classes, thereby satisfying 11 U.S.C. § 1123(a)(3).

10. <u>Impaired Classes that have Voted to Accept or Reject the Plan</u>. Holders of Claims in Classes 3, 5, 6, 7 and 8 are Impaired under the Plan and are not deemed to reject the Plan pursuant to 11 U.S.C. § 1126. According to the Chapter 11 Docket, at least one Impaired class of Claims against the Debtor has voted to accept the Plan pursuant to the requirements under 11 U.S.C. §§ 1124 and 1126, without counting the votes of insiders.

11. <u>No Discrimination – 11 U.S.C. § 1123(a)(4)</u>. The Plan provides for the same treatment by the Debtor for each Claim or Interest in each respective class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying 11 U.S.C. § 1123(a)(4).

**Compliance with Section 1129 of the Bankruptcy Code**

12. <u>Plan's Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(1).

13. <u>Best Interests of Creditors – 11 U.S.C. § 1129(a)(7)</u>. To the extent that a Creditor does not vote to accept the Plan, the Disclosure Statement contains a liquidation

ORDER CONFIRMING AMENDED
PLAN OF REORGANIZATION - 6

MUNDING, P.S.
9425 N NEVADA ST., STE 212
SPOKANE, WA 99218
(509) 624-6464

19-01492-FPC11    Doc 212    Filed 03/02/20    Entered 03/02/20 13:24:05    Pg 6 of 18

analysis showing that all Creditors would recover at least as much under the Plan as they would under a chapter 7 liquidation, but likely more because under a liquidation, the probable sale price of the Debtor's Assets would only be sufficient to pay Tamarack's unavoidable, undisputed, first priority Claim against the Debtor's Assets, whereas the Plan provides for a distribution on account of all Allowed Claims. Therefore, and because all classes of Claims are either deemed to have accepted the Plan or have voted to accept the Plan, the requirements of 11 U.S.C. § 1129(a)(7) have been met.

14. <u>Treatment of Administrative Expense, Priority and Tax Claims – 11 U.S.C. § 1129(a)(9)</u>. The treatment of Administrative Expense Claims and Priority Claims pursuant to the Plan satisfies the requirements of 11 U.S.C. §§ 1129(a)(9)(A), (B) and (C).

15. <u>Acceptance by Impaired Class – 11 U.S.C. § 1129(a)(10)</u>. All classes of Impaired Claims entitled to vote have voted to accept the Plan in accordance with 11 U.S.C. § 1126(e).

16. <u>Feasibility – 11 U.S.C. § 1129(a)(11)</u>. The structure set forth in the Plan can be consummated under the circumstances anticipated by the Court, based upon the Disclosure Statement and other evidence proffered or adduced by the Debtor at the Confirmation Hearing with respect to the feasibility of the Plan. Based upon the foregoing, the Court finds that the Debtor has satisfied the requirements of 11 U.S.C. § 1129(a)(11).

17. <u>Payment of Fees – 11 U.S.C. § 1129(a)(12)</u>. All fees payable under 28 U.S.C. § 1930 on or before the date the will Plan become effective under its terms or as determined

ORDER CONFIRMING AMENDED
PLAN OF REORGANIZATION - 7

MUNDING, P.S.
9425 N NEVADA ST., STE 212
SPOKANE, WA 99218
(509) 624-6464

19-01492-FPC11    Doc 212    Filed 03/02/20    Entered 03/02/20 13:24:05    Pg 7 of 18

by the Court (the "**Effective Date**"), have been paid or will be paid on the Effective Date, thus satisfying the requirements of 11 U.S.C. § 1129(a)(12).

18. <u>Transfers of Property – 11 U.S.C. § 1129(a)(16)</u>. To the extent applicable, all transfers of property under the Plan shall be made in accordance with applicable provisions of the Bankruptcy Code or non-bankruptcy law that govern the transfer of property of a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

19. <u>Fair and Equitable; No Unfair Discrimination as to Rejecting Classes – 11 U.S.C. § 1129(b)</u>. Class 8 consists of insiders holding Interests in the Debtor. The Plan does not discriminate unfairly and is fair and equitable with respect to Class 8 as required by 11 U.S.C. § 1129(b). Upon confirmation of the Plan and as of the Effective Date, the Plan shall be binding upon the members of all classes, including a class that is deemed to have rejected the Plan.

20. <u>Only One Plan – 11 U.S.C. § 1129(c)</u>. Other than the Plan (including previous versions thereof), no other plan has been filed in the Chapter 11 Case. Accordingly, the requirements of 11 U.S.C. § 1129(c) have been satisfied.

21. <u>Principal Purpose – 11 U.S.C. § 1129(d)</u>. The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of Section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on any such grounds. The Plan therefore satisfies the requirements of 11 U.S.C. § 1129(d).

22. <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies the requirements

ORDER CONFIRMING AMENDED
PLAN OF REORGANIZATION - 8

MUNDING, P.S.
9425 N NEVADA ST., STE 212
SPOKANE, WA 99218
(509) 624-6464

19-01492-FPC11    Doc 212    Filed 03/02/20    Entered 03/02/20 13:24:05    Pg 8 of 18

for confirmation set forth in 11 U.S.C. § 1129.

23. <u>Burden of Proof.</u> The Debtor, as proponent of the Plan, has met its burden of proving the elements of 11 U.S.C. §§ 1129(a) and (b) by a preponderance of the evidence.

**Adherence to the Absolute Priority Rule**

24. The Plan satisfies the requirements of 11 U.S.C. § 1129(b) because there is no class of Claims or Interests that is junior to the holders of Impaired Claims that have rejected or are deemed to reject the Plan will receive any distribution on such Claims or Interests. Accordingly, the Plan does not violate the absolute priority rule, does not discriminate unfairly, and is fair and equitable with respect to such classes.

**Additional Plan Provisions – 11 U.S.C. § 1123(b)**

25. The Plan's additional provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

**Implementation of Plan – 11 U.S.C. § 1123(a)(5)**

26. The Plan provides adequate and proper means for its implementation, thereby satisfying 11 U.S.C. § 1123(a)(5).

**Debtor Releases, Exculpations, and Injunctions**

27. Each of the release, exculpation, and injunction provisions set forth in the Plan: (i) is within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a), 1334(b), and 1334(d); (ii) is an essential means of implementing the Plan pursuant to 11 U.S.C. § 1123(a)(5); (iii) is an integral element of the transactions incorporated into the Plan; (iv) confers material

ORDER CONFIRMING AMENDED
PLAN OF REORGANIZATION - 9

MUNDING, P.S.
9425 N NEVADA ST., STE 212
SPOKANE, WA 99218
(509) 624-6464

19-01492-FPC11    Doc 212    Filed 03/02/20    Entered 03/02/20 13:24:05    Pg 9 of 18

benefits on, and is in the best interests of, the Debtor, its Estate, and its Creditors; (v) is important to the overall objectives of the Plan to finally resolve all Claims among or against the key parties in interest in the Chapter 11 Case with respect to the Debtor; and (vi) is consistent with 11 U.S.C. §§ 105, 1123 and 1129, and other applicable provisions of the Bankruptcy Code. The record established at the Confirmation Hearing and the Chapter 11 Case is sufficient to support each of the release, exculpation, and injunction provisions contained in the Plan.

**Plan Modifications**

28. With the written consent of Class 3, the Debtor may modify the Plan as described in the Debtor's Modification of First Amended Plan of Reorganization As to Treatment of Class 3 Claims [ECF 195] which is incorporated into the Plan and pursuant to 11 U.S.C. § 1127 and as provided, to the extent allowed by law. Subject to the limitations contained herein, the Debtor may modify the Plan in accordance with this paragraph, before or after entry of this Order, without notice or hearing, or after such notice, The Court finds that the modification does not materially and adversely affect the rights of any parties-in-interest without their consent. The Court has found notice of the Debtor's Modification of First Amended Plan of Reorganization As to Treatment of Class 3 Claims [ECF No. 195] was adequate.

29. All state or local government officials or agents are directed to forego the collection of any tax or assessment described in this Order or in Bankruptcy Code § 1146(a),

ORDER CONFIRMING AMENDED
PLAN OF REORGANIZATION - 10

MUNDING, P.S.
9425 N NEVADA ST., STE 212
SPOKANE, WA 99218
(509) 624-6464

19-01492-FPC11    Doc 212    Filed 03/02/20    Entered 03/02/20 13:24:05    Pg 10 of 18

including transfer tax, use tax, or excise tax arising from claims transferred pursuant to the Settlement Agreements that are incorporated as part of the Bankruptcy Plan, along with any such tax arising from new member interests transferred in exchange for claims against the Debtor, and to accept for filing or recordation any of the instruments or other documents described in this Order or in Bankruptcy Code § 1146(a) without the payment of any such tax or assessment.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**Confirmation of Plan**

1. <u>Confirmation</u>. The Plan is approved and confirmed under 11 U.S.C. § 1129.

2. <u>Incorporation of Terms and Provisions of Plan</u>. The terms and provisions of the Plan and Plan Modification are incorporated by reference into and are an integral part of this Order. Each term and provision of the Plan is valid, binding, and enforceable as though fully set forth herein. The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

3. <u>Binding Effect</u>. On the Effective Date, the provisions of the Plan and Plan Modification shall be binding on the Debtor, the Reorganized Debtor, any individual or entity acquiring or receiving property or a distribution under the Plan, and any holder of a Claim against or Interest in the Debtor, including all governmental entities, whether or not the Claim or Interest of such holder is Impaired under the Plan, and whether or not such holder has accepted the Plan, as well as any parties-in-interest with notice of this proceeding.

ORDER CONFIRMING AMENDED
PLAN OF REORGANIZATION - 11

MUNDING, P.S.
9425 N NEVADA ST., STE 212
SPOKANE, WA 99218
(509) 624-6464

19-01492-FPC11    Doc 212    Filed 03/02/20    Entered 03/02/20 13:24:05    Pg 11 of 18

Pursuant to 11 U.S.C. §§ 1123(a) and 1142(a) and the provisions of this Order, the Plan and the Settlement Agreement shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

4. <u>Re-vesting of Assets</u>. Except as otherwise expressly provided in the Plan, as of the Effective Date, the Reorganized Debtor will be vested with all of the property of the Estate, subject to the Claims, liens and security interests of TagJet and Class 3 DH Aeronautics, but otherwise free and clear of all liens, claims, encumbrances, and interests.

As of the Effective Date, the Reorganized Debtor may hold, use, dispose, and otherwise deal with such property and conduct its affairs.

5. <u>Exemption from Certain Taxes</u>. Pursuant to 11 U.S.C. § 1146(a), neither (a) the issuance, transfer or exchange of notes or equity securities under the Plan, (b) the creation of any lien, security interest, mortgage, deed of trust, pledge or other encumbrance, (c) the making or assignment of any contract, lease or sublease, nor (d) the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, such as any deeds, any bills of sale, or any transfers of tangible or intangible property, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, and stamp act. State and local governmental officials or agents are hereby directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

ORDER CONFIRMING AMENDED
PLAN OF REORGANIZATION - 12

MUNDING, P.S.
9425 N NEVADA ST., STE 212
SPOKANE, WA 99218
(509) 624-6464

19-01492-FPC11    Doc 212    Filed 03/02/20    Entered 03/02/20 13:24:05    Pg 12 of 18

6. <u>Effect of Conflict Between Plan and this Order</u>. The provisions of the Plan and this Order shall be construed in a manner consistent with each other so as to effectuate the purposes of each; <u>provided, however</u>, that if there is determined to be any inconsistency between any Plan provision and any provision of this Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Order shall govern and any such provision of this Order shall be deemed a modification of the Plan and shall control and take precedence.

**Effect of Plan on Claims and Interests**

7. <u>Discharge of Debtor</u>. Except as otherwise provided herein, in the Plan, in accordance with 11 U.S.C. § 1141(d)(1), entry of this Order shall provide the Reorganized Debtor with a discharge of any Claim against the Debtor, including (i) any Claim of any kind that arose at any time before the entry of the Confirmation Order; and (ii) any Claim of any kind described in 11 U.S.C. § 502(g). Following entry of this Order, every holder of a Claim or Interest (other than TAGJET and Class 3 DH Aeronautics) shall be precluded from asserting against the Debtor, the Reorganized Debtor, and/or any of the Debtor's or Reorganized Debtor's Assets, any further Claim or Interest based upon any document, instrument, act, omission, transaction, or other activity of any kind or nature that occurred prior to the entry of this Order, except as provided in the Plan and Plan Modification.

ORDER CONFIRMING AMENDED
PLAN OF REORGANIZATION - 13

MUNDING, P.S.
9425 N NEVADA ST., STE 212
SPOKANE, WA 99218
(509) 624-6464

19-01492-FPC11    Doc 212    Filed 03/02/20    Entered 03/02/20 13:24:05    Pg 13 of 18

8. <u>Effect on Automatic Stay</u>. Except as provided otherwise in the Plan and Plan Modification, on the Effective Date, the automatic stay imposed by 11 U.S.C. § 362(a) shall terminate.

9. <u>Filing of Reports</u>. The Reorganized Debtor shall file all reports and pay all fees required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, the U.S. Trustee guidelines, and the rules and orders of the Court.

10. <u>Filing and Recording</u>. This Order (a) is and shall be effective as a determination that, on the Effective Date, all liens granted hereunder or in the Plan are valid, perfected and in full force and effect, (b) is and shall be binding upon and shall govern the acts of all entities including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, clerks of court, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record, or release any document or instruments. The Debtor and Reorganized Debtor are authorized and ordered to execute, deliver, file, and/or record such contracts, instruments, releases, and other agreements or documents, and take any such actions as each of them may deem necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan and Plan Modification, or to otherwise comply with applicable law.

ORDER CONFIRMING AMENDED
PLAN OF REORGANIZATION - 14

MUNDING, P.S.
9425 N NEVADA ST., STE 212
SPOKANE, WA 99218
(509) 624-6464

11. <u>Pre-Petition and Post-petition Contracts and Leases</u>. All pre- and post-petition leases and executory contracts are assumed as of the Effective Date.

12. On the date of entry of Confirmation Order, automatically and without further action, the implementation of the Plan shall become the general responsibility of the Reorganized Debtor, and the Reorganized Debtor shall be authorized to take all actions necessary to effectuate the Plan.

13. All state or local government officials or agents are directed to forego the collection of any tax or assessment described in this Order or in Bankruptcy Code § 1146(a), including transfer tax or excise tax arising from new member interests transferred in exchange for claims against the Debtor, and to accept for filing or recordation any of the instruments or other documents described in this Order or in Bankruptcy Code § 1146(a) without the payment of any such tax or assessment.

14. <u>Immediate Effectiveness; Authorization and Order to Consummate Plan</u>. Any stay of this Order provided by any Bankruptcy Rule, including Fed. R. Bankr. P. 3020(e) is hereby waived, and the terms of this Order shall be immediately effective and enforceable upon its entry. The Debtor is authorized to consummate the Plan immediately after entry of this Order and the satisfaction or waiver of all other conditions to the Effective Date of the Plan, in accordance with the terms of the Plan.

15. <u>Payment of Statutory Fees</u>. The Debtor shall pay a certain sum determined by

ORDER CONFIRMING AMENDED
PLAN OF REORGANIZATION - 15

MUNDING, P.S.
9425 N NEVADA ST., STE 212
SPOKANE, WA 99218
(509) 624-6464

19-01492-FPC11    Doc 212    Filed 03/02/20    Entered 03/02/20 13:24:05    Pg 15 of 18

the U.S. Trustee to the U.S. Trustee for fees due pursuant to 28 U.S.C. § 1930(a)(6), within the later of ten (10) business days of the entry of this Order or ten (10) business days of the Debtor's receipt of a notice of such sum certain from the U.S. Trustee.

**Applicable Non-Bankruptcy Law**

16. Priority Over Non-Bankruptcy Law. Pursuant to 11 U.S.C. §§ 1123(a) and 1142(a), the provisions of this Order, the Plan, and the Plan Modification, and any other amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

**Notices**

17. Notice of Effective Date. No later than one (1) business day following the entry of the Order Confirming Plan, the Reorganized Debtor shall file notice of the Effective Date with the Court and serve a copy of such notice on all parties entitled to service, specifically those creditors holding administrative claims, priority claims, and Classes 1, 2, 3, 4, 5, 6, and 7.

18. Notice of Entry of this Order. In accordance with Fed. R. Bankr. P. 2002 and 3020(c), no later than one (1) business day after the date of entry of this Order, the Debtor shall serve a notice of this Order (the "**Confirmation Notice**") and a copy of this Order United States mail, first-class postage prepaid, to all parties holding administrative claims, priority claims, and to Classes, 1, 2, 3, 4, 5, 6, and 7. The Debtor does not need to serve Class 8 shareholders with the Confirmation Notice. Provided, however, that no notice or

ORDER CONFIRMING AMENDED
PLAN OF REORGANIZATION - 16

MUNDING, P.S.
9425 N NEVADA ST., STE 212
SPOKANE, WA 99218
(509) 624-6464

19-01492-FPC11    Doc 212    Filed 03/02/20    Entered 03/02/20 13:24:05    Pg 16 of 18

service of any kind shall be required to be mailed or made upon any party to whom the Debtor mailed a notice of the Confirmation Hearing but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address," "forwarding order expired," or similar reason, unless the Debtor has been informed in writing by such party, or is otherwise aware, of that party's new address. Mailing of the Confirmation Notice in the time and manner set forth above shall constitute good and sufficient notice under the circumstances and in accordance with the requirements of Fed R. Bankr. P. 2002 and 3020(c), and no other or further notice of this Order is necessary.

**Retention of Jurisdiction**

19. This Court shall have and retain jurisdiction over all matters arising out of or related to the Chapter 11 Case, the Debtor and Reorganized Debtor, the Plan, the Plan Modification, and Settlement Agreement, to the fullest extent permitted by the Bankruptcy Code and applicable law, to interpret and enforce the provisions of the Settlement Agreement, the Plan, the Modified Plan, and this Order, and to issue such orders as may be necessary for the implementation, execution, and consummation of the Plan, the Plan Modification, and this Order; to remedy any defect or omission, or reconcile any inconsistency in the Plan or Plan Modification as may be necessary to carry out the intents and purposes of the Plan and Plan Modification.

///END OF ORDER///

ORDER CONFIRMING AMENDED
PLAN OF REORGANIZATION - 17

MUNDING, P.S.
9425 N NEVADA ST., STE 212
SPOKANE, WA 99218
(509) 624-6464

19-01492-FPC11    Doc 212    Filed 03/02/20    Entered 03/02/20 13:24:05    Pg 17 of 18

Presented by:

MUNDING, P.S.

/s/ John D. Munding
JOHN D. MUNDING, WSBA #21734
Attorney for Debtor
Tamarack Aerospace Group, Inc.

Approved for Entry by:


Office of the United States Trustee


/s/James D. Perkins
James Perkins, Attorney WSBA#12996
Attorney for Office of United States Trustee

Fox Rothschild, LLP



/s/ Robert M. Fishman
Joseph E. Shickich Jr.
Robert M. Fishman
Attorneys for Class 3 Creditor
DH Aeronautics, LLC

ORDER CONFIRMING AMENDED
PLAN OF REORGANIZATION - 18

MUNDING, P.S.
9425 N NEVADA ST., STE 212
SPOKANE, WA 99218
(509) 624-6464